MORRIS STEINBERG, Appellant, v. CHARLES F. NOYES and 45 NEVINS ST. CORPORATION, Respondents, and HERMAN ARNS, Defendant.— Action in equity brought by plaintiff to procure a judgment (a) declaring plaintiff's rights in certain mortgages affecting the corporate defendant's real property, and in the capital stock of the corporate defendant, which mortgages and stock are owned of record by the defendant Charles F. Noyes; and (b) directing that defendant reassign of record to the plaintiff a certain interest in such mortgages and to transfer to plaintiff certain shares of that capital stock. The amended pleading presents two phases, (1) for a declaration of plaintiff's equitable rights, and (2) for rescission in equity of a transaction between the defendant Herman Arns and the defendant Charles F. Noyes, induced by the fraud of the latter, by reason of which certain interest in such mortgages and certain shares of capital stock of the corporate defendant were transferred to the defendant Noyes. An order was made at Special Term, upon the motion of the defendant Noyes and the corporate defendant, dismissing the amended complaint as against them, upon the ground that it did not state facts sufficient to constitute a cause of action; but with leave to the plaintiff to serve a further amended complaint. From that order plaintiff appeals. Order reversed on the law, with ten dollars costs and disbursements, and motion

to dismiss amended complaint denied, with ten dollars costs, with leave to respondents to answer within ten days from the entry of the order hereon. In our opinion the questioned pleading states facts sufficient to constitute a cause of action, upon each of two legal theories. It is thus sufficient (a) for the purpose of obtaining a judicial determination and declaration of plaintiff's equitable rights by reason of his joint venture with the defendant Arns, which venture was known to the defendant Noyes and to the corporate defendant; and (b) for the purpose of obtaining a judicial determination for the rescission in equity of the contract between the defendant Arns, plaintiff's co-adventurer, and the defendant Noyes, induced by the fraud of the latter practiced upon Arns, as a result of which contract such interest in mortgages and such shares of stock standing of record in the name of the defendant Arns, but actually the subject of the joint venture, were transferred to the defendant Noyes. In the latter phase we hold that there was sufficient privity between the plaintiff and the defendant Arns to enable plaintiff to maintain the action. Their joint venture gives plaintiff standing to maintain it in the phase which contemplates rescission in equity, all necessary and proper parties being present in the action. Lazansky, P. J., Adel, Taylor and Close, JJ., concur; Johnston, J., not voting.